NICHOLAS LUNING, Respondent, v. BENJAMIN S. BROOKS, Appellant.

No. 1117; August 25, 1856.

**Reformation of Instruments—Jurisdiction of Equity.**—To reform or alter the terms of a written contract for mistake, etc., is within the jurisdiction of courts of equity.

**Reformation of Instruments.**—**The Mistake as to Which the Terms** of a written contract may be reformed on application to a court of equity must be proved to such court by competent evidence.

APPEAL from Superior Court, San Francisco County.

Williams, Shafter & Park for respondent; Benjamin S. Brooks in pro. per.

MURRAY, C. J.—The plaintiff filed his bill in equity in the court below to reform a written contract, alleging mistake, etc.

The jurisdiction of courts of chancery in such cases is well established, and relief always granted where the mistake is established by clear and positive testimony. In cases of doubt, however, it is denied on the well-known policy of the law that parol evidence ought not to be admitted to alter or vary the terms of a written instrument, and that parties having reduced their contract to writing are supposed to have embraced their full intentions therein.

We have examined the testimony in this case, and are of opinion that it was not of that character to warrant a court of equity (in accordance with the rules governing such cases) to reform or alter the terms of a contract solemnly entered into in writing.

Judgment reversed.

I concur: Terry, J.