[S. F. No. 768. Department Two.—January 19, 1899.]

## CHARLES CAPELLI, Respondent, v. CHARLES DONDERO, et al., Appellants.

REFORMATION OF DEED—MUTUAL MISTAKE—MEASURE OF PROOF—RULES FOR TRIAL COURT—APPEAL—CONFLICTING EVIDENCE.—In an action to reform a deed upon the ground of mutual mistake, the rules that evidence warranting the reformation of the deed must be clear and convincing and not loose, equivocal or contradictory, leaving the mistake open to doubt. and that unless the proofs come up to this standard equity will withhold relief, are mere-

ly rules for the government of the trial court; and they are not controlling upon appeal from a judgment reforming the deed, where the findings find support in the evidence, notwith-standing the evidence is conflicting. The court cannot in such a case enter upon an examination of the evidence to determine where the preponderance lies, or decide as to the weight of conflicting evidence.

ID.—DIVISION BY COTENANTS — BOUNDARY — MISTAKE OF SURVEYOR.— Under an agreement found to exist between cotenants of land to divide the land between them and to take the center line of a particular road as the boundary line between them, where a surveyor was employed to establish such line, and by mistake ran a straight line between two points agreed upon, instead of following the center of the road as agreed, a conveyance conforming to such survey, to the injury of the grantor in respect of access to his barns, buildings, and outhouses, may be reformed, upon the ground of mutual mistake, so as to conform the boundary to the agreement made.

ID.—AUTHORITY FOR SURVEY—PRESUMPTION—NEGLIGENCE.—In the absence of evidence to the contrary, it must be presumed that the plaintiff authorized no other survey to be made than the one agreed upon, and plaintiff had a right to assume that the line would be and was in fact run in accordance with the agreement; and negligence to inquire just where the line was established cannot be presumed where the circumstances do not charge plaintiff with notice that it was established otherwise than as agreed.

ID.—EVIDENCE—MISTAKE—PAROL PROOF—MUTUALITY NOT ESSENTIAL.— The mistake may be proved by parol evidence; and it is not necessary to show that tne mistake as to the location of the surveyed line was mutual.

ID.—CORROBORATIVE EVIDENCE FOR PLAINTIFF—SUBSEQUENT DEED OF DE-FENDANT.—Testimony for the plaintiffs to the effect that both parties continued using the road, after the survey of the line as before, and that plaintiff had not three years after the survey learned the location of the surveyed line, may be corroborated by evidence of a subsequent deed executed by the defendant three years after the agreed division, in which the road was referred to by the defendant as a boundary of his property.

'ID.—DEED TO WIFE—KNOWLEDGE OF FACTS — CONTINUED CONTROL BY HUSBAND.—Where the court has found upon sufficient evidence that a wife made codefendant with her husband had knowledge of all the facts concerning the agreement between her husband and the plaintiff, at the time of a deed made to her by her husband, and the case was tried as though the husband still owned the property, the question whether his deed to his wife would affect the rights of the plaintiff need not be considered.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. J. H. Logan, Judge.

The facts are stated in the opinion.

Julius Lee, for Appellants.

George P. Burke, and Lindsay & Cassin, for Respondent.

CHIPMAN, C.—Action to reform a deed on the ground that it was executed under a mutual mistake of the parties to it. It appears from the findings of fact that prior to December 10, 1890, plaintiff and defendant Charles Dondero were the owners of a tract of land situated near the town of Watsonville, containing about seventy-four acres; on or about said date they agreed to divide said land so as that each could own his interest in severalty, and to that end agreed to make a certain private roadway, running through the tract from west to east, the dividing line, plaintiff to take the portion on the southerly side and defendant Charles Dondero that on the northerly side of this road; this private road was entered by a gate at the county road and terminated on the eastern boundary line of the tract at a stake marked "C & D" midway of two cherry trees; a surveyor was employed to establish the center line of this road which was to become the division line; he ran a straight line between the two points agreed upon, which gave a course north seventy degrees east, distance thirty-eight and fifteen one-hundredths chains, instead of following along the center of said road as was agreed should be done. Some distance from the gate entrance and south of this road plaintiff's buildings, barns, and outhouses were situated, "a sufficient distance from the southerly line of said private road so as to make and render the said barns, buildings, and outhouses convenient of access and use by said plaintiff"; a plat is attached to the complaint which the court finds correctly shows the location and course of this road and its center line, and the situation of plaintiff's said buildings relative thereto. The contention turns upon the question as to the location of this center line. Plaintiff contends and the court found, that the center of this road from the center of the gate took a course north seventy degrees east for twenty-one and six-

ty-two one-hundredths chains to a point west of and not far from plaintiff's buildings, where it bore a little more to the north, following the center of the road (sixty-nine degrees and twenty-five minutes east) five and twenty-one one-hundredths chains; thence along the center of this road north seventy and one-half degrees east eleven and thirty one-hundredths chains to said stake marked "C & D." Appellants contend for a straight line from the point of beginning to the point of ending. The difference in acreage is very little. The slight divergence from a straight line near the buildings, returning to it at the stake "C & D," was necessary to give to plaintiff the free and unobstructed use of his buildings. It further appears from the findings that on December 18, 1890, by direction of both parties, one Julius Lee, Esq., who had been their attorney, prepared a deed which was executed by defendant Charles Dondero to plaintiff, conveying the tract south of this road, describing the dividing line as it was surveyed; the deed was left with Lee, who had it recorded in January, 1891; the parties at this time, and until July 8, 1895, mutually understood that the division line as described in the deed was the center of said road, and the said deed was executed and accepted under such belief, but said described line was inserted in said deed by the mutual mistake of the parties named therein; no stakes or marks were placed by which said line could be ascertained by any person examining the same. Plaintiff did not discover said mistake until about July 8, 1895, when for the first time the defendants commenced to erect a fence upon said line and procured said surveyor to lay out by stakes the line surveyed by him; plaintiff then discovered that the line did not follow the center of said road, as originally agreed upon, but was so run that the fence so constructed by defendants stands a distance of four or five feet from the center of said private road, and so close to the said buildings "as to render them in their location and situation to said fence, worthless and of no value or use to plaintiff"; if said fence had been erected on the dividing line as agreed upon "plaintiff would have had the free and uninterrupted use and enjoyment of said buildings"; defendant Charles Dondero conveyed to his wife, codefendant, his interest in the premises on November 18, 1894, who had full knowledge and notice of all the facts above related.

A jury was called to pass upon the principal issues of fact, which were determined in favor of plaintiff. The court adopted most of these findings of the jury and certain of its own, and gave plaintiff judgment, from which and from the order denying a new trial defendants appeal.

1. The principal question raised by appellant is, that the evidence does not support the findings. It is true, as appellant contends, that evidence warranting the reformation of a deed must be clear and convincing and not loose, equivocal, or contradictory, leaving the mistake open to doubt; and unless the proofs come up to this standard equity will withhold relief. But these are rules for the government of the trial court, and are *not controlling in this court* where the findings find support in the evidence. (*Ward v. Waterman,* 85 Cal. 502.) This court cannot enter upon an examination of all the evidence to determine where the preponderance lies. Upon questions of fact its province is to determine whether there be evidence tending to support the findings and it cannot decide as to the weight of the evidence where there is a conflict.

Plaintiff testified that the agreement was to divide the land by the center of the private road which he described as delineated on the plat used at the trial, and as running through the tract from west to east; the instructions given the surveyor were to follow the center of this road; he was not present when the survey was made, but left one Scrivani (who was in his employ) to represent him; with respect to the road as shown on the map, his buildings were a little distance south of the road (the exact distance is not given, but it was sufficient for their convenient use); after the survey was made he and Dondero took the field notes to the attorney of the parties and directed him to make the deed according to the survey; neither party knew anything about courses, and plaintiff testified that when he signed the deed he knew nothing about the description in it; after the deed was executed the parties continued to use the road as before, and not until in 1895, when Dondero commenced to erect his fence, did plaintiff know that the survey ran so close to his buildings and did not follow the center of the road at that point; the fence made by Dondero on the surveyed line was within three feet of two of plaintiff's buildings and within a foot and a half of one

of them, depriving him of their convenient use; he also testified that he saw no stakes on the line except from the gate to his house.   There is much evidence (probably preponderating) that the road from the gate was well defined to a point near the dwelling, but beyond that point it was undefined and held no certain course.   But it is not probable that for all these years plaintiff had allowed a road to run so near his dwelling and other buildings as was this surveyed line, and that he consented to or directed a division line which would give Dondero the right to erect a fence which would so seriously affect the enjoyment of his property.   But be this as it may, the jury and the court found that the dividing line agreed upon was as claimed by plaintiff, and we think there was evidence to support this conclusion.

Appellant contends: 1. That plaintiff was bound by the survey because the person who acted for him at the time knew that the line was established where defendants claim it should be; and 2. That plaintiff is charged with knowledge of this fact or with the means of knowledge which he had so near at hand.   It appears, however, that after the survey was made the parties continued to use the road for five years before Dondero made known his claim by fencing on the surveyed line.   During all this time plaintiff was indulging the mistake that the surveyed line was along the middle of this road, as the agreement called for; he saw no stakes along this disputed part of the road and might well have rested upon the belief that the line was along the middle of the road.   The jury and court found, upon sufficient evidence, that plaintiff and Dondero had agreed upon a line in the middle of this road, and we do not think plaintiff's agent can be presumed to have had authority to consent to any deviation from that agreement in a matter of such importance to plaintiff.   The evidence does not disclose his instructions.   Scrivani (the agent) testified that he carried the chain and stuck the stakes; and the surveyor testified that Scrivani must have seen that the line ran close to the buildings and that he made no objection to it.   There is no evidence that Scrivani communicated this fact to plaintiff, and plaintiff testified that he did not know where the surveyed line was until in 1895 when Dondero began to make his fence.   In the absence of any evidence to the contrary, it must be presumed that plaintiff authorized no

other line to be surveyed than the one agreed upon, and we do not think that the knowledge of Scrivani that the line deviated from the one agreed upon can be imputed to plaintiff, for there is no evidence that Scrivani knew what the agreement was or that he informed plaintiff where the survey fixed the line. Plaintiff had a right to assume that the line would be, and in fact was, run according to the agreement, and negligence to inquire just where the line was established cannot be presumed under the circumstances of the case.

2. It was not error to admit oral evidence as to the mistake and as to how it arose (*Isenhoot v. Chamberlain*, 59 Cal. 630); and it is not necessary that the mistake should have been mutual. (Civ. Code, sec. 3399; *Moore v. Copp*, 119 Cal. 429.)

3. Error is alleged in allowing the introduction of a deed from Dondero, executed in 1893 (three years after the agreed division), in which he refers to this private road as a south boundary. The purpose of this evidence no doubt was to show that he recognized the existence of this road, and that it bounded his property on the south. We think the evidence was admissible, because plaintiff and Dondero were, according to plaintiff's testimony, at that time using the road as before, and plaintiff had not then learned where the surveyed line was. The evidence also tended to corroborate plaintiff's evidence.

No point is made that the finding, as to Mrs. Dondero's knowledge of the facts was not justified by the evidence. Mr. Dondero testified that he gave plaintiff notice in 1895 as to building the division fence, and the case seems to have been tried as though he were the owner or controlled the property north of the road. Whether his deed to his wife in October 1894, would affect the rights of plaintiff need not therefore be and is not considered.

The judgment and order should be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Temple, J., McFarland, J., Henshaw, J.