[Civ. No. 377.   Second Appellate District.—October 7, 1907.]

## ALLEN D. BUTT, Appellant, v. MAIER & ZOBELEIN BREWERY, JOSEPHINE ROULO, THOMAS W. ROULO, and GEORGE ROBINSON, Respondents.

LEASE—OPTION—PAY FOR IMPROVEMENTS—SURRENDER—PRIOR RIGHT TO RENEW—CONSTRUCTION AGAINST LESSOR.—Under a lease for five years, containing a covenant on the part of the lessor to pay for all improvements at the end of the term, and of the lessee to surrender the premises thereat, but conferring a prior right on the lessee to renew the lease at the end of the term for another term of five years, at the end of which the lessor was to have the option to keep the improvements, it was optional with the lessee to refuse to assent to an offer of the lessor to pay for the improvements at the end of the first term, and to insist upon a renewal of the lease. Any uncertainty or conflict in the terms of the lease must be resolved against the lessor, who must be deemed the promisor, who caused the uncertainty to exist, under section 1654 of the Civil Code.

ID.—"PRIOR" RIGHT TO RENEW.—The use of the term "prior" in conferring the right to renew the lease does not qualify the right of renewal.

ID.—PRINTED CLAUSE FOR SURRENDER—TYPEWRITTEN CONTRACT FOR RENEWAL.—A printed clause for surrender at the expiration of the term cannot control a typewritten contract for conferring the right of renewal.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Gray, Barker & Bowen, and R. L. Horton, for Appellant.

The provision in the lease giving the lessee preference for succeeding years is conditioned upon the decision of the lessor

to relet. (*Crawford* v. *Morris,* 5 Gratt. (Va.) 90; *MacGregor* v. *Rawle,* 57 Pa. St. 184.) The lessor, having elected to pay for the improvements, was not bound to renew. (*Hutchinson* v. *Boultion,* 3 Grant. Ch. 391; *Root* v. *Garden,* 23 U. C. C. P. 59; *In re Coatsworth,* 160 N. Y. 114, 54 N. E. 665; *Eberts* v. *Fisher,* 54 Mich. 294, 20 N. W. 80; *Bamman* v. *Binzen,* 65 Hun (N. Y.), 39, 19 N. Y. Supp. 627; *Smith* v. *Rector etc. St. Philip's Church,* 107 N. Y. 610, 14 N. E. 825; *Moseley* v. *Allen,* 138 Mass. 81; *Kutter* v. *Smith,* 2 Wall. (U. S.) 491; *Bullock* v. *Grinstead,* 95 Ky. 261, 24 S. W. 867.)

Edw. F. Wehrle, and Frank James, for Respondents.

The lease is to be construed most strongly against the lessor and in favor of the lessee, the lessor being the promisor. (Civ. Code, secs. 1649-1654; Code Civ. Proc., sec. 1864; *Lassing* v. *James,* 107 Cal. 348, 40 Pac. 534; *Laidlaw* v. *Marye,* 133 Cal. 170, 65 Pac. 391; *Keith* v. *Electrical etc. Co.,* 136 Cal. 178, 68 Pac. 598; *Flinn* v. *Mowry,* 131 Cal. 481, 63 Pac. 724; Clark on Contracts, p. 593; 2 Wharton on Contracts, sec. 670; 24 Cyc. 915; 17 Am. & Eng. Ency. of Law, 2d ed., pp. 14, 18.) The printed clause for surrender must yield to the written clause for renewal. (*Seaver* v. *Thompson,* 189 Ill. 158, 59 N. E. 553; Code Civ. Proc., sec. 1862; Civ. Code, sec. 1651; *Yoch* v. *Home Mut. Ins. Co.,* 111 Cal. 503, 44 Pac. 189; Clark on Contracts, 594; 17 Am. & Eng. Ency. of Law, 21; 18 Am. & Eng. Ency. of Law, 618.)

SHAW, J.—The appeal is from the judgment and an order denying plaintiff's motion for a new trial.

The sole question involved is the interpretation to be given to the provisions of a lease whereby appellant's grantor leased the property in question to Maier & Zobelein Brewery, a corporation, which is one of the respondents. Other respondents were joined as defendants in the action by reason of their having an interest in the lease as subtenants or assignees of said lessee. The lease was prepared upon a printed form, the blank spaces as to duration of the term (fixed at five years from May 1, 1901), the rental and the manner of payment thereof, being filled by writing the necessary words therein. After setting forth the usual covenants as to payment of the agreed rental, and right of re-entry in case

of default, there is then inserted the following typewritten provision:

"Said second party is authorized to make such improvements and erect such buildings on the said premises as it may desire.

"It is further agreed that if the said first party shall demand the termination of this lease and surrender of the premises at the end of said term, that then said first party will pay for improvements made and buildings erected, at their reasonable value. If the value of said improvements cannot be agreed upon by the parties hereto, then the value thereof shall be determined by three appraisers, one appointed by first party, one by second party, and one elected by the first two named appraisers, whose appraisement of said premises shall be final between the parties hereto."

For more convenient consideration, we will designate this provision as "Clause 1."

The lease next contains the usual printed covenant on the part of the lessee to quit and surrender the premises at the expiration of said term. There is next inserted a typewritten provision as follows:

"At the expiration of this lease the said second party shall have the prior right to lease the same, said premises, for a further term of five years, for the rental sum of $3,000 for the full term, payable at the rate of $50 per month on the first of each and every month of said term. Provided, however, that if the said second party shall avail itself of that privilege, that then and in that event, the said first party shall not be required to pay for any improvements at the end of said second term of five years, but that then, at the option of said first party, the said premises shall be surrendered to her with all improvements thereon." This provision will be referred to as "Clause 2."

Both prior to and at the expiration of the term of five years, a notice of the termination of said lease, and demand for surrender of the premises, and an offer to pay for improvements made by the lessee at their reasonable value, was served upon all parties in interest. On April 12, 1906, Maier & Zobelein Brewery, the lessee, gave notice in writing to the lessor and her grantee, the appellant herein, that it was its intention, in the exercise of its option, to lease the property for a further term of five years from May 1, 1906, upon the

terms and conditions set forth in clause 2 of said lease, and at the same time tendered a lease executed by said corporation and drawn in accordance with the provisions of said clause 2, and requested each of the parties upon whom said notice was served to execute the same. Neither the sufficiency nor service of these documents is questioned.

The corporation, as lessee, and its assignees, the other respondents herein, refused to surrender possession of the premises, claiming the right to hold, under the provisions of clause 2 of the said lease, for an additional term of five years, commencing May 1, 1906. Whereupon this action was brought for the restitution of the property and for damages. Judgment went for the defendants, from which, and an order denying plaintiff's motion for a new trial, he prosecutes this appeal.

Clause 1 contains no covenant of any kind on the part of the lessee. The corporation, as lessee, is authorized to make improvements and erect such buildings as it may desire; but it cannot be contended that the lessee, by reason of being so authorized, was thereby obligated to make any improvements or erect any buildings on the property. It is further agreed that if the lessor demands the termination of the lease and surrender of the premises, the lessor will pay the reasonable value of such buildings and improvements; but there is nothing contained in said clause 1 which can be construed into a promise, covenant, or agreement on the part of the lessee that it *will surrender* upon such demand or waive the right to lease the property for a further term of five years, as provided in clause 2 of the lease, and we cannot read into this clause a covenant so to do, any more than to construe the right given to erect buildings to be an obligation requiring the lessee to erect them. It is true there is, as before stated, the usual printed covenant in the lease whereby the lessee covenants that it will, at the expiration of said term, quit and surrender the premises. "Said term," as here used, refers to the term expiring May 1, 1906; but this covenant to surrender is qualified by the provisions of clause 2, and is subject to the right therein conferred upon the lessee "to lease the said premises for a further term of five years." There is no ambiguity or uncertainty as to the provisions of said clause 2. It clearly, and without qualification or reservation, gives the lessee the right to renew the lease for a further term of

five years, for the term rent of $3,000, payable in equal monthly installments; in addition to which the lessor shall not be required to pay for any improvements made by the lessee. At the end of this last term the lessee covenants, at the *option of the lessor*, to surrender the premises with all the improvements thereon. It is unnecessary to determine the effect of this provision, which is the only option in the lease which seems to have been reserved by the lessor.

The word "prior," as used in clause 2, does not qualify the right of renewal. The right given the lessee to lease for a further term of five years must necessarily be *prior* to the right of other parties to lease the property. As we construe the lease, it was optional with the lessee whether it made any improvements or erected any buildings upon the leased premises, or elected to renew the lease for a further term. If it erected buildings and the lessor exercised its option to demand the surrender of the leased property and offered to pay the value of such buildings, it was optional with the lessee to assent thereto, thus waiving its right to renewal, but there was no legal obligation so to do.

Thus construed, there is no ambiguity in the provisions of the lease. If, however, it be conceded that the lease is conflicting in its terms, or uncertain in meaning, then under the provisions of section 1654, Civil Code, it "should be interpreted most strongly against the party who caused the uncertainty to exist." "The promisor is presumed to be such party." In this case, the lessor is the promisor. (*Keith* v. *Electrical Engineering Co.,* 136 Cal. 178, [68 Pac. 598]; *Laidlaw* v. *Marye,* 133 Cal. 170, [65 Pac. 391].)

Counsel for appellant refer to numerous authorities in support of the construction for which they contend. These and the points to which they are cited have been carefully considered; suffice it to say that, in our judgment, they do not justify their contention.

Judgment and order affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 5, 1907.