[Civ. No. 1764. First Appellate District.—September 29, 1916.]

## ROSENBAUM ESTATE COMPANY (a Corporation), Respondent, v. ROBERT DOLLAR COMPANY (a Corporation), Appellant.

LANDLORD AND TENANT—CONTINUANCE OF TENANCY UPON EXPIRATION OF LEASE—CONSTRUCTION OF ORAL AGREEMENT—TIME OF PAYMENT OF RENT.—An oral agreement made between the parties to a written lease just prior to its expiration providing that the lessee might remain a tenant of the premises "from month to month at the same rental" as stipulated in the lease, contemplates that the rental shall be continued to be paid in the same manner as provided in the lease.

ID.—REMOVAL FROM DEMISED PREMISES—UNFITNESS FOR HABITATION—NOTICE TO REPAIR.—A tenant is not warranted in removing from demised premises under the provisions of sections 1941 and 1942 of the Civil Code, where no definite notice to repair is given.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Marcel E. Cerf, and E. P. Shortall, Judges.

The facts are stated in the opinion of the court.

Nathan H. Frank, and Irving H. Frank, for Appellant.

Heller, Powers & Ehrman, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of the plaintiff and from an order denying the defendant's motion for a new trial in an action to recover rent.

The defendant had been in possession of certain premises belonging to the plaintiff for five years, under a written lease which, among other things, provided that the rent should be three hundred dollars a month, to be paid in advance on the first day of every month. Just prior to the expiration of the written lease the parties orally agreed that the defendant might remain a tenant of the premises "from month to month at the same rental" provided for in the written lease. The defendant accordingly remained in possession of the premises for six months under this new arrangement, paying the rent in advance on the first day of each month up to December

31, 1913, and on January 5, 1914, upon two days' notice to the plaintiff that it would vacate the premises, it removed therefrom.

The first contention of the appellant is that the rent during the period that it occupied the premises from month to month was not payable in advance but at the end of the month; and that this action having been begun on the 19th of January, 1914, for the rent of the premises for that month, was prematurely brought, and that the finding of the court that the rent was payable in advance is without support in the evidence.

We are unable to agree with this view. From the record it appears that the defendant was to remain in possession of the premises from month to month and to pay the same monthly rental as was provided for in the written lease. We think the arrangement contemplated the payment of the rent in advance. An important incident of the rent is the time of its payment; and the phrase, "at the same rental," as employed by the parties in this instance, was undoubtedly, in view of their subsequent conduct, intended to cover both the amount of the rent and the time of its payment. Under section 1945 of the Civil Code, if the tenant had simply remained in possession of the premises after the expiration of the written lease, and nothing had been said between the parties, and the landlord had accepted rent, the law would have conclusively presumed that the hiring was on the same terms as the expired lease; and we think it can hardly be said that where there is an express agreement that the tenant shall remain in possession from month to month at the same rental, the parties contemplated any change in the time of payment of the rent from that which had previously prevailed. Had there been no previous hiring, the appellant's position would be very strong, that the time of payment would be as provided for in section 1947 of the Civil Code, viz., at the end of the period of the hiring; but the circumstances of the verbal renting in this case, and the course thereafter pursued, sufficiently attest the understanding of the parties that the tenant was to continue to pay the rent in advance. Where the meaning of a contract is doubtful, the acts of the parties done under it afford one of the most reliable means of arriving at the intention of the parties. (*Mayberry* v. *Alhambra etc. Water Co.*, 125 Cal. 446, [54 Pac. 530,

31 Cal. App.—37

58 Pac. 68]; *Keith* v. *Electrical Engineering Co.,* 136 Cal. 178, 181, [68 Pac. 598].) In our opinion, therefore, having remained in possession of the premises after the thirty-first day of December, 1913, the tenant was liable for rent for the month of January, 1914, unless it was warranted in removing therefrom under the terms of sections 1941 and 1942 of the Civil Code, which provides that the lessor of a building intended for occupation by human beings must, in the absence of an agreement to the contrary, put and keep it in a condition for such occupation; and that if repairs to the premises are necessary, and are not made after reasonable notice, the lessee may vacate the premises and shall be discharged from further payment of rent—which brings us to the second contention of the appellant, viz., that the neglect of the landlord to make repairs of the character indicated justified the appellant in summarily vacating the premises, and relieved it from the obligation to pay any further rent.

The evidence shows that the basement of the premises (in which was conducted the bookkeeping department of the defendant's business, giving employment to ten persons) was very damp during the greater part of the last two years of the tenancy. It does not appear, however, that the defendant gave to the plaintiff any definite notice to repair. True, according to the evidence introduced by the defendant, the attention of the plaintiff was called to the condition of the basement, and on one occasion repairs were made; but apparently the defendant, realizing that the building stood on filled land over which the waters of San Francisco Bay formerly flowed, and which was subject to seepage, and expecting in the near future to move into a new building, concluded to tolerate the condition of the basement. This view is borne out by an examination of all the evidence in the case, and especially by the circumstance that the defendant, at the termination of the written lease, entered into the present oral lease after it had known for eighteen months the condition of the premises about which it now complains. It is true that one of the witnesses for the defendant testified that three days before the vacation of the premises the condition of the basement on account of accumulated seepage had become acute, and could no longer be tolerated; but there was no attempt to show that the condition could not be remedied, or that any notice was given to the plaintiff to repair the defect and make the prem-

ises habitable.   The only notice then given by the defendant was a letter written on January 3d to the effect that on the fifth day of that month the defendant would vacate, which letter the plaintiff received on the day the defendant moved out.

Complaint is made that the defendant was not permitted to introduce evidence as to the effect upon the health of the defendant's employees of the condition of the basement; but the court permitted proof of such condition, and stated that it would itself draw its conclusion as to its effect upon the health of the occupants.   We see no error in this ruling.

Judgment and order affirmed.

Lennon, P. J., and Richards, J., concurred.