[Civ. No. 4296. Third Appellate District.—October 28, 1931.]

CHARLES P. SPEER, Respondent, v. KITTLE MANUFACTURING COMPANY (a Corporation), Appellant.

Rohe & Freston and Ralph E. Lewis for Appellant.

J. E. Ricketts and Walter C. Maloy for Respondent.

BURROUGHS, J., *pro tem.*—This is an action in equity to reform a contract upon the ground of mutual mistake, and also for an accounting between the parties under the contract as reformed. Findings and judgment were made and entered, reforming the contract, and an accounting was had between the parties. Judgment was entered in favor of the plaintiff in the sum of $6,934.80, together with interest and costs of suit. The defendant appeals from the whole of said judgment.

It is contended by the appellant that the evidence is insufficient to sustain a judgment of reformation of the contract in this: That in such actions to justify a reformation, the evidence must be clear and positive, leaving no room for doubt. Among other cases the appellant cites those of *Burt* v. *Los Angeles O. G. Assn.,* 175 Cal. 668 [166 Pac. 993]; *Hochstein* v. *Berghauser,* 123 Cal. 681 [56 Pac. 547]; *Luning* v. *Brooks,* 1 Cal. Unrep. 29; *Home & Farm Co.* v. *Freitas,* 153 Cal. 680 [96 Pac. 308]; which are to the effect that the proof in actions for reformation of a written instrument must be clear and positive. While this is undoubtedly the rule, yet as said in *Capelli* v. *Dondero,* 123 Cal. 324, 328 [55 Pac. 1057], in an action to reform a deed: "The principal question raised by appellant is that the evidence does not support the findings. It is true, as appellant contends, that evidence warranting the reformation of a deed must be clear and convincing, and not loose, equivocal, or contradictory, leaving the mistake open to doubt; and unless the proofs come up to this standard, equity will withhold

relief. But these are rules for the government of the trial court, and are not controlling in this court where findings find support in the evidence. (*Ward* v. *Waterman,* 85 Cal. 502 [24 Pac. 930].) This court cannot enter upon an examination of all the evidence to determine where the preponderance lies. Upon questions of fact its province is to determine whether there be evidence tending to support the findings, and it cannot decide as to the weight of the evidence where there is a conflict." (*Hochstein* v. *Berghauser,* 123 Cal. 681 [56 Pac. 547]; *Myerstein* v. *Burke,* 193 Cal. 105 [222 Pac. 810]; *California Packing Corp.* v. *Larsen,* 187 Cal. 610 [203 Pac. 102].)

Under the foregoing rule it is our duty to ascertain if the findings of the trial court granting reformation of the contract, are sustained by the evidence. If so, then we cannot weigh the evidence to ascertain its preponderance. (*Capelli* v. *Dondero, supra.*)

█ The contract upon which the action is based and which was reformed by the decree of the trial court, in its original form provided that the plaintiff was to act as the agent of the defendant, who was a manufacturer of orchard heaters, to sell said heaters in certain territory. According to the contract, the plaintiff was merely the selling agent, and it was sought to reform the contract to provide that he was the sole and exclusive agent in said territory for such sales, and entitled to commissions on all sales made in that territory, no matter by whom they were made. It was in these particulars that the court reformed the contract. The evidence upon which the reformation was granted, and which we deem sufficient to support the findings of the court, is as follows: J. W. Laycock was at the time of the execution of the original sales contract the sales manager for the appellant and executed said contract on its behalf. In answer to the questions he said: "As I recall, Mr. Speer was to have the selling of the Kittle heaters in this particular territory covered by the period of time mentioned in the contract, and was to be the exclusive representative in that territory; that he (Speer) was to make the sales and make the demonstrations and attend to all sales work within the territory." The witness further testified that it was his understanding that all inquiries coming to the defendant were to be turned over to Mr. Speer; that it was his under-

standing, and he thought he followed the policy during the term Mr. Speer was with them that inquiries to him and whatever work the witness did in the field was with Speer. On cross-examination he testified that so far as his knowledge was concerned, he did not make a mistake when he drew the contract; that he and Mr. Speer both read it before it was signed, and to the best of his knowledge, Speer took a copy of it. Charles P. Speer, the plaintiff, testified that he had several conversations with Mr. Laycock about an exclusive contract for the sale of the heaters, and it was agreed that the witness was to have an exclusive contract in the designated territory, to sell the heaters, and that he was to get twenty cents a heater on all heaters sold in that territory. There is also testimony to the effect that the appellant's secretary, in dealing with third parties, recognized plaintiff's exclusive contract; one instance being that of a witness named Webster, who testified that he declined to enter into a contract with plaintiff for the exclusive agency to sell the heaters in certain territory until he received assurance from the appellant that Speer had authority to give such right, and that the secretary okehed the contract. Witness Washburn testified that he was told by Mr. Meehan, the secretary of appellant, in response to Washburn's request for an agency for the heaters, that Mr. Speer had an agency for most of the state and he (Meehan) would have to make arrangements with Speer before he could make arrangements with Washburn. A contract was made between Washburn and Speer. It further appears from the evidence that all inquiries concerning the heaters were referred by appellant to respondent; that no agents were appointed by the appellant in that territory without reference to Speer.

There is other evidence in the record to support the finding that the plaintiff was appointed the sole and exclusive agent for the sale of the heaters, but we think the foregoing is a sufficient statement of the evidence to support a finding of mutual mistake, and to justify the finding that plaintiff had an exclusive contract for the sale of the heaters in the territory covered by the contract.

The court also reformed the contract to allow the plaintiff a commission on all heaters sold in the territory, no matter by whom the sales were made. It is claimed that this

was error. Plaintiff Speer testified in this behalf that it was understood that he was "to get twenty cents a heater on all heaters sold in the territory", and that "he was to be the exclusive agent for Kittle Manufacturing Company, receiving a compensation of twenty cents a heater". It also appears that in the interpretation of the contract, the appellant paid the plaintiff a commission on sales made direct to customers by the appellant; one sale made by appellant to Jennie M. Jacobson for 450 heaters; another made by it to Jacob Stoll, and many others. These commissions were represented by vouchers coming from the appellant's office. These transactions were explained by the secretary of the corporation, but it was for the trial court to decide the conflict. That the practical construction of a contract by the parties themselves is strong evidence of its meaning is well settled. (*Kerth* v. *Electrical Eng. Co.,* 136 Cal. 178 [68 Pac. 598]; *Kennedy* v. *Lee,* 147 Cal. 596 [82 Pac. 257].) The evidence sustained the finding of the court that the plaintiff was to have a commission on all heaters sold in the territory. It is also claimed that the mistake was not a mutual one, and, therefore, under section 3399 of the Civil Code, there could be no reformation of the contract. This claim is based upon the evidence of Mr. Laycock, the manager of appellant's business, and the person who prepared the contract in dispute, "that there was no arrangement or understanding concerning sales made within the territory by others than Speer", and his further statement, "that when he drew the contract he had made no mistake". Standing uncontradicted, such evidence would no doubt be binding on the court as coming within the rule that the uncontradicted testimony of a witness may not be rejected by a court unless it is inherently improbable. (*Tillotson* v. *Findley,* 87 Cal. App. 654 [262 Pac. 438]; *Walker* v. *Clark,* 80 Cal. App. 520 [252 Pac. 334].) But arrayed against this evidence, the witness Speer testified that it was understood that he was to have a commission on the sale of all heaters made in his territory, and his evidence is supported by the fact that he was paid commissions on sales made in the territory by the appellant. Although Mr. Laycock testified, as above stated, that when he drew the contract he had made no mistake, the weight of this conflict was for the court to decide. In *Caldwell* v. *Wemer,*

203 Cal. 543 [264 Pac. 1100], it is said in effect that while the uncontradicted testimony of a witness to a particular fact may not be disregarded, but should be accepted by the court as proof of the fact, this rule has its exceptions, and the most positive testimony may be contradicted by the circumstances in evidence. However, we think the evidence of witness Speer, and the fact that commissions were paid plaintiff on sales made by the defendant himself, were sufficient to warrant the court in finding there was a mutual mistake. (*Davis* v. *Judson,* 159 Cal. 121 [113 Pac. 147]; *Blanc* v. *Connor,* 167 Cal. 719 [141 Pac. 217].)

It is next claimed that the court erred in settlement of the account between the parties. Appellant claims credits to the amount of $2,118.60 were not allowed by the court. During the examination of the witness J. P. Meehan, the secretary of the defendant corporation, counsel for plaintiff, called for two checks for $500 each. These were produced by the witness, together with a check for $250. Certain memoranda were also produced, from which it appeared that at least the $250 checks were noted as advance commissions on orchard heaters. The slips were offered in evidence by counsel for the plaintiff, and were objected to by counsel for appellant, and the court sustained the objection. The three checks were never offered in evidence, nor were the memoranda again referred to. Whether these checks were payments to plaintiff on account, or payments on commissions from sales made by other parties, does not appear in the record. In any event they are not a part of the evidence and, having been excluded therefrom by the acts of the appellants, they cannot complain. Counsel for the appellants offered in evidence a check for $316.65 at the same time he referred to four other checks. When the check for $316.65 was offered, it was objected to by respondent as not responsive to the issue. After considerable discussion between the court, counsel and the witness, the latter said that, "those checks do not represent payment of commissions to Speer". This statement was stricken out on motion of respondent. No ruling was made on the admissibility of the check, and it does not appear whether it should be charged to plaintiff on account of commissions, or not. There is still another check of $106.80. This check is referred to in plaintiff's exhibit No. 7 introduced in evi-

dence on the subject of the reformation of the contract, but it does not appear whether it is a proper charge against plaintiff. There are other items referred to: A check in the sum of $15; one for $57.50; and one for $372. These checks are not sufficiently identified to charge them against the respondent. The court found that the plaintiff was entitled to commissions in the sum of $7,778.45, but gave him a judgment in the sum of $6,934.80, which is $867.95 less than the amount to which he was entitled. It is clear that appellants are not entitled to credit for the three checks of $1250. If it were conceded that appellant was entitled to all of the other credits making the $2,118.60 claimed by it, the amount found due would be reduced, but the judgment would not be substantially altered.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.