[Sac. No. 85.   Department One.—July 28, 1896.]

J. P. M. PHILLIPS ET AL., RESPONDENTS, v. PETER HAGART, APPELLANT.

EJECTMENT—PLEADING—ALLEGATION OF DEFENDANT'S TITLE—CROSS-COMPLAINT.—In an action of ejectment, an answer by a defendant affirmatively setting up title in himself in detail is to be construed as a general denial of the plaintiff's title, and not as a cross-complaint requiring an answer from the plaintiff.

EXECUTION—REDEMPTION—CERTIFICATE OF SHERIFF.—In order to render effectual a redemption of real estate sold under execution, the issuance by the sheriff of a certificate of redemption is not necessary.

ID.—REDEMPTIONER—SUCCESSOR IN INTEREST—GRANTEE OF JUDGMENT DEBTOR.—The grantee of a judgment debtor, whose land has been sold under execution, is not a "redemptioner" in the sense in which that

word is used in section 705 of the Code of Civil Procedure, and, in order to redeem from the execution sale, need not comply with the conditions imposed by that section on "redemptioners." Such grantee is a "successor in interest" of the judgment debtor, as that phrase is used in section 701 of that code, and is entitled to redeem in the same manner as the judgment debtor.

ID.—SHERIFF'S DEED—RECITALS.—A recital in a sheriff's deed, given to the execution purchaser, "that there had been no redemption from the sale," is not conclusive upon a grantee of the judgment debtor who had made a valid redemption. The grantee may attack such deed in an action of ejectment, without resorting to equity to have it set aside.

APPEAL from a judgment of the Superior Court of Placer County and from an order refusing a new trial. MATT. F. JOHNSON, Judge.

The facts are stated in the opinion of the court.

*Wallace & Wallace, Pullen & Wallace,* and *Armstrong & Bruner,* for Appellant.

*John M. Fulweiler,* and *F. P. Tuttle,* for Respondents.

GAROUTTE, J.—This action involves the right of possession to a certain tract of land, and the complaint is in the usual and ordinary form for such cases. The appeal presents but few questions for the court's consideration.

One Morrison was the owner of the land. While such owner, a mortgage resting upon it was foreclosed, and the defendant, Hagart, became the purchaser at the sale under the foreclosure proceedings. Thereafter, and within the time allowed for redemption, Morrison transferred the property by deed to these plaintiffs, who at once took steps to redeem from the sheriff's sale. Notwithstanding the acts of plaintiffs in attempting to redeem, the sheriff refused to issue a certificate of redemption, and, in due course, gave a deed of the property to the defendant as a purchaser at the sale. Defendant relies upon this deed for title, while plaintiffs assert title by reason of their deed from Morrison, coupled with the claim that the acts performed by them

looking toward a redemption were sufficient in law to accomplish that result.

As already suggested, the complaint was in the simple and ordinary form as for an action in ejectment. Defendant, by answer, denied the allegations of the complaint, and set out his title in detail, consisting of the sheriff's deed and 'the proceedings upon which it was based. Plaintiff answered defendant's pleading by denials. It is now claimed by defendant that the affirmative matters set out in his answer constituted a cross-complaint, and that certain allegations thereof must be deemed to be true by reason of insufficient denials thereto. Upon the insufficiency of these denials we will not dwell, for the contention seems to be immaterial. The affirmative matters set out by defendant in no sense constituted a cross-complaint, and no denial of them was necessary. A recital by defendant of his title was no more than a denial of plaintiff's title, and opened the door no wider for the admission of evidence. Whatever defendant was entitled to prove, under his pleading as he framed it, he was entitled to prove under a general denial. An allegation of title in himself by defendant, in an action of ejectment, is but a general denial in an argumentative form. (*Marshall* v. *Shafter*, 32 Cal. 192; see *Cooper* v. *Miller*, 11 Cal. Dec. 248.)

Did plaintiffs, as successors in interest of Morrison, the judgment debtor, redeem from the sheriff's sale to defendant Hagart? It is conceded that the sheriff refused to issue a certificate of redemption to plaintiffs, but, as to the fact of a redemption, that circumstance is immaterial, for the issuance of the certificate is no part of the redemption. Appellants, who attack the sufficiency of the redemption, insist that plaintiffs were "redemptioners" in the sense of the word as used in section 705 of the Code of Civil Procedure, and as such redemptioners failed to comply with the demands of that section, and therefore failed to perfect their attempted redemption. Upon the part of plaintiffs it is insisted

that they were not "redemptioners," as the term is there used, but "successors in interest" of the judgment debtor, and, consequently, not required to follow those provisions of the statute.

Section 701 of the Code of Civil Procedure declares: "Property sold subject to redemption, as provided in the last section, or any part sold separately, may be redeemed in the manner hereinafter provided, by the following persons, or their successors in interest: 1. The judgment debtor, or his successor in interest in the whole or any part of the property; 2. A creditor having a lien by judgment or mortgage on the property sold, or on some share or part thereof, subsequent to that on which the property was sold. The persons mentioned in the second subdivision of this section are in this chapter termed 'redemptioners.'"

It is thus observable that judgment debtors and their successors in interest do not come within the class termed "redemptioners," and, therefore, are not required to follow the demands of section 705 in making a redemption. While the successor in interest of the judgment debtor is only mentioned in section 701, and the succeeding sections refer to the judgment debtor and redemptioners alone, still that fact is not material. The statute declares that successors in interest have the right to redeem, and further declares in effect that they are not to be considered redemptioners as the word is there used. Under such conditions successors in interest stand in the place of judgment debtors, and when the statute uses the term "judgment debtors," as contradistinguished from "redemptioners," the words should be construed broad enough to include successors in interest of judgment debtors. That such was the intention of the legislative mind there can be no question, and that the successor in interest of the judgment debtor possesses the rights given by the statute to the judgment debtor, rather than those of the redemptioner, there is likewise no question.

It is insisted that the recital in the sheriff's deed

given to defendant, Hagart, that there had been no redemption from the sale to defendant, was conclusive upon the judgment debtor, Morrison, and his successors in interest, these plaintiffs, and that until such deed was attacked and set aside in equity, it was beyond and above any attack at law which these plaintiffs could make upon it. It is insisted that, being the sheriff's deed, it was the judgment debtor's deed, and the sheriff's recitals therein were the judgment debtor's recitals, and that, consequently, the debtor was estopped from gainsaying their truth. The position here assumed by appellant is unsound. It is not true that the sheriff's deed cannot be attacked by the judgment debtor except in equity, as numberless cases found in the reports of this state fully prove.

Mr. Freeman, in his work on Executions, section 351, in speaking as to the judgment debtor's defenses in ejectment, says: " He may certainly resist the action with success, if he can show that his interest in the property was of a character not subject to levy and sale under execution. He may also avail himself of any defect in the judgment, execution or proceedings, of so serious a character as to render the sale void." The power of the sheriff to make the deed primarily depends upon a valid judgment and execution, and that the execution and judgment are void can always be shown by the debtor in defending against an action for possession.

It has been held that a recital of those matters in the deed is not even evidence of the fact of their existence, and that their production in evidence is absolutely necessary to support the deed, or no title is shown. Section 703 of the Code of Civil Procedure declares that if the judgment debtor redeem, the effect of the sale is terminated, and he is restored to his estate. In this case it is shown by oral evidence that a redemption took place. The court has so found the fact, and the moment a redemption occurred all interest to the realty possessed by the purchaser at the sale ceased, and the title of the judgment debtor stood as if no sale had ever

taken place. Such being the fact, the power of the sheriff to pass title by deed no longer existed, and any deed made by him was a nullity. It would sanction gross injustice to hold that any recital of a fact made in the deed by the sheriff would be conclusive upon the judgment debtor. Such a holding would give him authority to recite himself into a power which he in no way had, and make his deed valid when it was void at all points. It should not be held that the false recital in a sheriff's deed, that no redemption had taken place, can be binding, when at that time the sheriff was shorn of all power to make any recital, or even to make any deed. This whole question is well disposed of by Mr. Freeman at section 325 of his work upon Executions: "A deed made by an officer is merely the execution of an authority created by statute. Unless the essential conditions prescribed by statute exist, the power to execute the deed cannot be affirmed; and an officer's deed, executed where he had no power or authority to make it, is, in legal effect, no deed whatever. It is absolutely void. It is impossible, owing to conflicting decisions, to say precisely what must in all cases exist to confer authority upon an officer to execute a deed. These four things may, however, beyond question, be affirmed to be indispensable—for without them a deed purporting to be made by an officer has no legal effect: There must exist a judgment and an execution, neither of which is void; the time for redemption must have expired without any redemption having been made; and the lands which the officer undertakes to convey must be situate within the territorial jurisdiction in which he is authorized to act."

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Fleet, J., concurred.