[Civ. No. 1389.   Second Appellate District.—October 12, 1916.]

## LUVISA DELLARINGA, Appellant, v. E. T. HOOKER et al., Respondents.

DISMISSAL OF ACTION—ORDER SETTING ASIDE—APPEAL—AFFIRMANCE OF
    ORDER.—Upon an appeal taken from an order setting aside an order dismissing an action entered upon the written request of the attorneys for the plaintiff, the order appealed from must be affirmed, where the record shows that the defendant prior to the order of dismissal had filed an answer asking for affirmative relief, and no stipulation authorizing the dismissal is furnished.

APPEAL from an order of the Superior Court of Kern County setting aside an order dismissing an action.   Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

W. W. Kaye, Rowen Irwin, and Emmons & Hudson, for Appellant.

John F. Poole, for Respondents.

JAMES, J.—This appeal was taken from an order of the superior court made on the motion of defendant E. T. Hooker. This order directed that an order of dismissal of the action theretofore entered upon the written request of the attorneys for .the plaintiff, be set aside.    The action was to quiet title and defendant Hooker had answered prior to the request made for the dismissal of the action, in which answer he set up ownership in the property in controversy and asked for an adjudication to be made in his favor.    A clerk's transcript was prepared under the alternative method of appeal, and that is the only document which has been filed in this court. At the time set for oral argument, no counsel for appellant appeared, and counsel for respondent being present stated that the controversy had been settled and that only moot questions were therefore now involved.    However, the appellant, upon being advised of the suggestion made, has failed to furnish any stipulation upon which to authorize the court to enter an order of dismissal.    We are left without any argument offered by the appellant to sustain the appeal taken. An examination of the record discloses to our minds no reason why the order of the court should be disturbed.

The order is affirmed.

Conrey, P. J., and Shaw, J., concurred.