[Civ. No. 2442. First Appellate District.—September 11, 1918.]

JAMES E. BOOTH et al., Appellants, v. J. M. STOW et al.,
Respondents.

QUIETING TITLE — PLEADINGS — CROSS-COMPLAINT, WHEN UNNECESSARY.
Where, in an action to quiet title, the sole question in dispute is
the location of the boundary line between the plaintiffs and the
defendants, a judgment for or against the plaintiffs is conversely
a judgment against or for the defendants; in such a case a cross-
complaint is unnecessary, and if filed will be treated by the court
as an answer containing affirmative matter.

ID.—ANSWER TO CROSS-COMPLAINT—STATUTE OF LIMITATIONS—FINDING
IMMATERIAL.—Where in such case the plaintiff has answered the
cross-complaint, and has pleaded among other defenses thereto the
statute of limitations, a finding on that plea is wholly immaterial,
although the case was tried on the issues made by the pleadings
filed, and the trial court found that the defendants were not barred
by the statute.

ID.—BOUNDARIES—AGREED LINE.—Where in an action to quiet title, it
appeared that the joint owners of real property, who, in pursuance
of an agreement to partition it, had exchanged deeds for undivided
half interests in the north and south halves respectively, had imme-
diately thereafter conveyed the south half to the plaintiffs, the
grantors agreeing with the plaintiffs that as soon as a survey,
which had been previously arranged for should be made, they would
again exchange deeds, and it also appeared that shortly there-
after, the survey having been made, the plaintiff accepted the
survey and went into possession of the tract as surveyed, and to-
gether with the owner of the north half, immediately erected a
fence on the line run by the surveyor, both parties understanding
that it was not necessary for them to make new deeds, and there-
after both the plaintiffs and the owner of the north half made con-
veyances based on the said survey, the line thus agreed on and
acquiesced in was binding on and applicable to all parties to the
agreement and their successors by subsequent deed.

ID.—MUTUAL MISTAKE — EVIDENCE — PAROL EVIDENCE ADMISSIBLE.—
Where in an action to quiet title the pleadings put in issue the
mutual mistake of the parties in framing and executing their deeds,
the trial court did not err in receiving parol evidence.

ID.—SCOPE OF JUDGMENT.—Where in an action to quiet title in which
the sole question in dispute was the location of the boundary line
between the plaintiffs and defendants, and the trial court treated a
cross-complaint filed by the defendants as such and awarded relief

accordingly, it is necessary to modify the judgment, but this may be done by striking out the affirmative relief and decreeing that the plaintiffs are not the owners or seised in fee of the land claimed.

APPEAL from a judgment of the Superior Court of Contra Costa County. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

A. A. Moore and Wilder Wight, for Appellants.

J. E. Rodgers, A. F. Bray, and A. J. Coogan, for Respondents.

STURTEVANT, J., *pro tem.*—This is an action to quiet title. The defendants had judgment in the trial court and the plaintiffs have appealed. The appellants have brought up the judgment-roll and a bill of exceptions. From the record before us, it appears that the dispute arose over the location of a boundary line; the plaintiffs filed a complaint in the ordinary form of an action to quiet title; the defendants appeared separately and filed separate answers and at the same time filed cross-complaints; the plaintiffs answered the cross-complaints, and, among other defenses, they pleaded the statute of limitations (Code Civ. Proc., sec. 338, subd. 4). The case was tried on the issues made by the above-mentioned pleadings. The trial court made findings which included a finding that the plaintiffs were estopped, and one that the defendants were not barred by the statute of limitations. The finding on estoppel is in the general words that the plaintiffs are estopped, but no facts are set forth, and it appears on the face of the finding that the same is a conclusion of law out of place. As the sole question that is in dispute is the location of the boundary line between the plaintiffs and the defendants, it is patent that a judgment for or against the plaintiffs is, conversely, a judgment against or for the defendants. In such a case a cross-complaint is unnecessary. (*Wilson* v. *Madison,* 55 Cal. 5, 8; *Miller* v. *Luco,* 80 Cal. 257, 261, [22 Pac. 195].) When such is the condition of the record, the court will treat a cross-complaint as an answer containing affirmative matter. (*Pauley* v. *Rogers,* 121 Cal. 294, [53 Pac. 808]; *Phillips* v. *Hagart,* 113 Cal. 552, [54 Am. St. Rep. 369, 45 Pac. 843].) So treating the pleadings, a

finding on the plea of the statute of limitations becomes wholly immaterial. The pleadings alleged and the trial court found that on March 27, 1909, Lillie B. Gardner and T. B. Jenkins were the joint owners of a ranch in Contra Costa County; on that day the grantors agreed to partition the ranch and to have a survey made dividing the uplands and the lowlands into two equal parts; that immediately afterward they executed, each to the other, two deeds, in one of which T. B. Jenkins conveyed to his cotenant his undivided one-half interest in the north half, and in the other deed Lillie B. Gardner granted to him her undivided one-half interest in the south half; that immediately thereafter both grantors deeded the south half to these plaintiffs; that both grantors and these plaintiffs agreed that as soon as the survey was made the grantors would again exchange deeds; that all of the foregoing deeds were executed and delivered on March 27, 1909; that a few weeks later the surveyor made the survey; that the plaintiffs accepted the survey and went into possession of the tract as surveyed; that the plaintiffs and the owner of the north half, Lillie B. Gardner, immediately erected a fence on the line so run by the surveyor; that ''upon their acceptance by said plaintiff and said defendant Lillie B. Gardner of the tract of land so set apart by the said survey as aforesaid, said plaintiff and said defendant, Lillie B. Gardner, understood and considered that it was not necessary for them to make new deeds of said tract of land so accepted by them aforesaid''; that the plaintiff has made conveyances based on the said survey, and the defendant, Lillie B. Gardner, has made conveyances based on the said survey.

The plaintiffs commenced this action by filing their complaint on March 24, 1914.

It is clear from the foregoing statement of facts that all of the parties considered that a measurement was necessary. It likewise appears that a measurement was had. In the case of *Young* v. *Blakeman,* 153 Cal. 477, at page 482, [95 Pac. 888, 890], Mr. Justice Shaw, writing the opinion, says: ''If a measurement is made and the line agreed on and acquiesced in as required by this rule, it is binding on and applicable to all parties to the agreement and their successors by subsequent deed.''

*Silva* v. *Azevedo,* 178 Cal. 495, [173 Pac. 929], affirms the rule in *Young* v. *Blakeman, supra,* and the facts in the Silva

38 Cal. App.—13

case are so closely parallel to the facts in the case in hand that it would seem nothing more is necessary than merely to cite that case.

The pleadings put in issue the mutual mistake of the parties in framing and executing their deeds, and there was no error on the part of the trial court in receiving parol evidence (Code Civ. Proc., sec. 1856, subd. 1; *Capelli* v. *Dondero,* 123 Cal. 324, 330, [55 Pac. 1057].)

The trial court treated the cross-complaint as such and awarded relief accordingly, and it is necessary to modify its judgment. This can be done by striking from the judgment all matter commencing with the words, "Now therefore" (where those words first appear in the judgment), and down to and including the words "parties respectively," where those two words last appear in the judgment and inserting instead the following:

"Now therefore, it is by the court ordered, adjudged and decreed that the plaintiffs are not the owners of or seised in fee simple of all that certain piece or parcel of land situate, lying and being in the county of Contra Costa, state of California, and more particularly described in paragraph (5) five of the plaintiffs' second amended complaint." As so modified, the judgment should be affirmed and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.