[L. A. No. 4616. Department Two.—October 2, 1918.]

GIUSEPPE SORMANO, Respondent, v. LUTHER B. WOOD et al., Defendants; J. H. SMITH, Appellant.

QUIETING TITLE—PLEADINGS—SUFFICIENCY OF FINDINGS.—Where in an action to quiet title the defendants by answer denied plaintiff's ownership and set up their ownership in fee, and by cross-complaint also set up their ownership in fee, and the plaintiff answered such cross-complaint again averring his claim to the property, the failure to make findings on the issues raised by a so-called amended answer and cross-complaint is not a ground for reversal of the judgment, where the amended pleading tendered no new material issue not involved in the original pleadings.

ID.—CROSS-COMPLAINT—PRINCIPAL FUNCTION.—Although a defendant in an action to quiet title may properly aver in a cross-complaint his own right to have his title quieted, the principal function of the practice of cross-pleading is to prevent plaintiff from dismissing his action before trial without the consent of the defendant.

ID.—DESCRIPTION OF PROPERTY—VARIANCE.—In this action, the appellate court was bound to determine that the trial court, depending upon the map and the testimony before it, decided that plaintiff's description, "Lots 7 and 8 and the north 20 feet of Hogan Street (vacated) adjoining lots 7 and 8 on the south, and lying between the east and west lines of the two said lots 'extended south,' in block 5 of the First Addition to Huntington Park," etc., and defendant and cross-complainant's description, "Lots 7 and 8, First Addition to Huntington Park, and to a lot 20 feet in width adjoining each lot on the south," each referring to the same recorded map for more graphic

details, were substantially identical and had application to the same property.

Id.—Appeal—Pleading—Waiver.—Even though the variance in such an action were of a more substantial nature, the defendant having failed to demur to the complaint and having answered its averments in general terms, which placed all essential matters of controversy at issue, on appeal from the judgment, he may not with propriety raise the question that there was such variance.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. S. McKelvey, and Chas. S. Conner, for Appellant.

George W. Crouch, and E. W. Freeman, for Respondent.

MELVIN, J.—Plaintiff was successful in an action to quiet title to certain real property in the county of Los Angeles. One of the defendants, J. H. Smith, has appealed, bringing here the judgment-roll alone.

The complaint is in the usual form and contains the allegation that plaintiff "is now and for many years last past has been the owner and in the possession of that certain real property," which is described in detail. Luther B. Wood and J. H. Smith (now appellant) answered, denying plaintiff's ownership in the property or any part thereof and setting up their alleged ownership in fee to all of it. By way of cross-complaint they averred that they were tenants in common to the fee.

Plaintiff answered their cross-complaint, again averring his claim of interest in the property.

Defendant Loop answered the complaint and alleged his ownership of the described property by virtue of a certain tax deed.

All of the pleadings above described were filed in March and April, 1912. In May, 1915, J. H. Smith filed an amended answer and cross-complaint denying plaintiff's ownership or right to possession of the land described in the complaint. By way of cross-complaint he averred that before the filing of the action he was, and at the time of the signing of his

amended answer and cross-complaint still was, the owner and entitled to the possession of the land in question. The clerk entered Sormano's default for his failure to answer this cross-complaint. Defendant Loop answered the amended cross-complaint of Smith setting up his own title, acquired, as he alleged, by certain deeds from the state and from one Hall.

Thereafter the cause was tried and the court found that all of the allegations of the complaint of Sormano were true, and all of the denials and allegations of the answer and cross-complaint of Wood and Smith were untrue, and that the allegations and averments of the answer of defendant E. E. Loop were untrue. There were other findings and appropriate conclusions of law requiring plaintiff to pay into court for Smith's benefit a certain amount for taxes, penalties, and costs included in the sale of the land by the state in February, 1912. Judgment was entered against J. W. Hall by default.

Although he admits that the findings dispose of all of the issues raised by the answer and cross-complaint of himself and Wood, and those raised by the answer of Loop, appellant argues that those raised by his later co-called ''amended answer and cross-complaint'' have not been the subject of any findings, and that, therefore, the cause must go back for retrial because of the court's failure to find on material issues.

In the first place, there is no showing, either by recital in the pleading itself or by any order set out in the transcript, that the court gave Smith permission to file his belated and so-called ''amended'' verified pleading, which seems to be in conflict with the earlier verified answer and cross-complaint of Smith and Wood. But assuming that the later document was regularly filed, there was nothing to show that it was intended to be in lieu of the pleading which Smith and Wood had previously verified and used in the action. By that pleading all of the essential issues were joined. The amended cross-complaint of Smith tendered no new material issue not involved in both of his answers. Although a defendant in an action to quiet title may properly aver in a cross-complaint his own right to have his title quieted, the principal function of the practice of cross-pleading is to prevent plaintiff from dismissing his action before trial without the consent of the defendant. (*Larkin* v. *Superior Court*, 171 Cal. 719, [Ann. Cas. 1917D, 670, 154 Pac. 841].) It has even been held that

an erroneous ruling of the court striking out such a cross-complaint is without prejudice in a case in which, like the one at bar, judgment is given in favor of plaintiff. (*Bulwer Consolidated Min. Co.* v. *Standard Consolidated Min. Co.,* 83 Cal. 589, [23 Pac. 1102] ; *Miller* v. *Luco,* 80 Cal. 257, [22 Pac. 195] ; *Hanson* v. *Goldsmith,* 170 Cal. 512, [150 Pac. 364].)

Indeed, the question presented by this appeal is answered by *Brooks* v. *White,* 22 Cal. App. 719, [136 Pac. 500], in which it is held that where an answer denies plaintiff's and avers defendant's ownership and right to the possession of land, the omission of plaintiff to answer the cross-complaint does not authorize the clerk to enter a judgment by default.

In the closing brief appellant tries to differentiate this case from *Larkin* v. *Superior Court, supra,* on the theory that in that case there was no variance (as he asserts there is in this) between the descriptions of the properties as set up in plaintiff's complaint and his own so-called amended cross-complaint. In the latter he asserts title to lots 7 and 8, First Addition to Huntington Park, and to a lot 20 feet in width adjoining each lot on the south. In the complaint the property is described as lots 7 and 8 and the north 20 feet of Hogan Street (vacated) adjoining lots 7 and 8 on the south, and lying between the east and west lines of the two said lots "extended south," in block 5 of the First Addition to Huntington Park, etc. Appellant's counsel solemnly argue that their description contained in the so-called "amended cross-complaint" puts the strip 20 feet in width *outside* of block 5, while the description in the complaint would seem to put it inside of that block. There is absolutely no merit in this contention, which amounts at most to a very tenuous distinction. In both descriptions the strip 20 feet in width is referred to and located "south" of lots 7 and 8 and "adjoining" them and for more graphic details reference is made in each to the same recorded map. If the flimsy distinction upon which appellant's counsel rely really existed, still we would be bound to determine that the court, depending upon the map and the testimony, decided that the two descriptions were substantially identical and had application to the same property. Having failed to demur to the complaint and having answered its averments in general terms which placed all essential matters of controversy at issue, appellant may not with propriety

raise any such question at this late date, even if the variance were one of a more substantial nature.

No other of the contentions contained in the closing brief merits discussion.

The judgment is affirmed.

Wilbur, J., and Lorigan, J., concurred.