[Civ. No. 4276.   Third Appellate District.—March 19, 1931.]

VICTORIA R. GREENWOOD, Appellant, v. S. J. GREENWOOD, Respondent.

George W. Rochester, L. W. Burdick and Newby & Newby for Appellant.

Andreani, Haines, Bisher & Carey for Respondent.

MR. JUSTICE Pro Tem. TUTTLE Delivered the Opinion of the Court.—This is a proceeding in equity which is brought for the purpose of setting aside, vacating and annulling interlocutory and final decrees of divorce which were entered in an action wherein appellant was defendant and respondent plaintiff. The trial court found for respondent upon all issues, holding that both of said judgments were valid. The appeal is taken from the judgment entered upon said findings.

The entire attack of appellant is directed upon the findings, it being contended that they are not supported by the evidence.

On March 4, 1924, respondent filed a complaint for divorce from appellant upon the ground of desertion. He alleged that there was no community property. On March 13, 1924, appellant filed her answer in said cause, denying all the allegations of the complaint and praying for maintenance, counsel fees and general relief. Thereafter appellant filed a cross-complaint, alleging desertion upon the part of respondent, and praying for maintenance and a disposition of the community property. Respondent filed an answer to the cross-complaint, denying the allegations thereof.

The divorce action came on regularly for trial, and evidence was submitted by both parties. During the trial on July 2, 1925, the following discussion took place:

"Mr. Greer (Attorney for appellant): We ask leave to amend the prayer of our first cross-complaint on this only, that where we pray for separate maintenance we pray for a decree dissolving the bonds of matrimony and an interlocutory decree of divorce. The rest of the prayer with reference to the division of the property, we do not care to amend. The Court: The amendment may be made. Mr. Bishler: (Attorney for respondent) Yes, I have no objection."

At the conclusion of the case the following colloquy took place between court and counsel:

The court: "Then the case stands submitted on the coming of these depositions (relating to the value of the community property), which will be within 30 days, will it?" Mr. Greer: (for appellant) "Your Honor, don't see now any reason for taking the depositions as to the value of any land in Oregon. At the time this contract (for property settlement) was made, the land then held was the Tulare property." Mr. Neff: "All right." Mr. Greer: "And that the property will be appraised as of that date." Mr. Neff: "That is agreeable to us."

The chief contention at said trial was the dispute over community property. Prior to the said trial the parties had entered into and signed a contract which purported to settle such dispute. Appellant attempted to show that this contract should be set aside as being unfair to her.

No further evidence was furnished the court with respect to the value of the property, within the thirty days designated, and upon October 19, 1925, the court rendered its

opinion, granting a divorce to appellant. Thereafter, on October 26, 1925, the court made and entered its findings of fact and conclusions of law. The court found that the property settlement was fair, just and equitable, and not made by or through any undue influence or false or fraudulent representations. It also found facts which constituted deser- tion upon the part of appellant, and that there was no community property. The property settlement was also approved and an interlocutory decree of divorce was en- tered. On the twentieth day of December, 1926, final judg- ment of divorce was made and entered.

No appeal or attack upon either of said decrees was ever made, nor any action taken by appellant, until within three days after the expiration of six months from the entry of the final decree. At that time appellant moved to set aside the *final* judgment under the provisions of section 473 of the Code of Civil Procedure. This motion was denied, The court finds, in the instant case and upon sufficient evi- dence, that the proposed findings in the divorce action were. served upon the attorney for appellant on October 19, 1925.

During the trial of the instant case there was considerable testimony relating to the property settlement and the value of the property involved therein. The court found that this settlement was fair, just and equitable, and that no fraud was practiced upon appellant in the procuring thereof. Each of these cases was tried by a different judge, and thus we have the findings of two different judges upholding the settlement. The findings in this case upon that issue are amply supported by the evidence, and this is not seriously questioned by appellant.

The contention of appellant is that the interlocutory judgment was *coram non judice* and void. She argues that the court had no jurisdiction to grant a divorce to her; that the amendment to her pleading praying for a divorce was never actually made; that the cross-complaint did not state a cause of action on the ground of desertion, in that it did not allege desertion for the statutory period of one year, and that there was not sufficient evidence to justify a find- ing of desertion.

We do not believe that appellant can now be heard to say that her cross-complaint was not amended so as to pray for a divorce. Her own counsel asked leave to make

the amendment, and the motion was granted by the court. No subsequent conduct of either counsel is inconsistent with the view that the amendment was made then and there. Our courts have taken a very liberal view in the matter of granting trial amendments, and it would be extremely inconsistent if we were to take a narrow and strained view with reference to methods by which such amendments can be made. The case of *Kimball* v. *Gearhart,* 12 Cal. 27, seems to hold that it is necessary to write out the amendment and attach it to the pleading. That case was decided in 1859. Since the adoption of our codes in 1872 a much more liberal construction has been given to pleadings. The act of drafting the proposed amendment, and attaching such draft to the pleading is simply exemplifying what actually took place. In any event, we are satisfied that the facts and circumstances here clearly indicate that the amendment was deemed and considered by all parties as having actually been made.

■ There is another reason why the judgment of divorce is not void. The averments of the cross-complaint, not the prayer, decide the question of jurisdiction. (*Miller* v. *Superior Court,* 59 Cal. App. 334 [210 Pac. 832].) The cross-complaint alleges that respondent "willfully and without cause deserted and abandoned defendant and cross-complainant, and still continus to willfully and without cause desert and abandon defendant and cross-complainant". This, with the other allegations of the cross-complaint, gave jurisdiction to the trial court to grant the divorce to appellant. It is contended that the pleading does not state a cause of action because it is not alleged that the desertion continued for one year (sec. 107, Civ. Code). But the failure of the cross-complaint to state a cause of action does not render a judgment rendered thereon void. (*Gillespie* v. *Fender,* 180 Cal. 202 [180 Pac. 332].)

The complaint in the instant case seeks equitable relief upon two grounds. One is based on the theory that the judgment is void. That question we have decided adversely to appellant's contention. ■ The other ground is simply that the attorney for appellant was negligent in failing to avail himself of legal remedies which were at all times open to appellant. No claim is made, nor is it intimated, that the neglect of appellant's counsel was due to any act

of respondent or his counsel. The interlocutory decree, though service of the same was made upon appellant's counsel, was not attacked in any manner. It is true that a motion was made to set aside the final judgment of divorce under section 473 of the Code of Civil Procedure, but matters of the character complained of by appellant here could only be raised and reviewed in an attack upon the interlocutory decree. (9 Cal. Jur. 779.) ■ Equity will not grant relief against a judgment at law, where such judgment was obtained in consequence of the neglect, inattention, mistake, or incompetence of the attorney, unless caused by the opposite party. (34 C. J. 465.) If the party seeking to set aside the judgment had a complete and adequate remedy in the same proceeding, he cannot appeal to equity for relief, where his sole ground is the neglect of his attorney, and it is not contended that the act of his opponent in any manner contributed to his predicament. (*California Beet Sugar Co.* v. *Porter,* 68 Cal. 369 [9 Pac. 313].)

■ Appellant, as it appears from her briefs, is concerned with the granting of the decree of divorce to her, only to the extent that it interferes with her attack upon the property settlement. But, as we have pointed out, the trial court found that such settlement was fair and equitable, and she is bound by that finding. After she has had two fair trials upon this issue, she now demands a *third trial.* It is not difficult to explain one of the causes of the congestion of litigation in Los Angeles County.

■ Considerable complaint is made by appellant because the court in the original case rendered a judgment without having before it further evidence in the shape of depositions relating to the value of the community property. At the most the act of the court was erroneous. It still had jurisdiction to enter the judgment. Furthermore, if appellant was prejudiced in any manner under such circumstances, the neglect and incompetence of her counsel was the sole cause thereof. We might observe that in this case appellant has changed counsel three times and her counsel on appeal had nothing to do with the trial of the action.

The case presented by appellant is absolutely devoid of equity. She cannot be permitted to charge respondent with the neglect and incompetence of her own counsel. If every judgment could be attacked upon this ground alone, the

intendment and presumption in favor of the validity of a judgment would become a mere fiction.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 18, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 18, 1931.