[Civ. No. 8546. First Appellate District, Division One.—November 26, 1932.]

ROLLO JEROME HOUGH et al., Appellants, v. CORA BERNICE WRIGHT, Respondent.

Jerome Hough, *in pro. per.,* for Appellants.

J. E. Rodgers and A. F. Bray for Respondent.

KNIGHT, J.—Plaintiffs brought this action to set aside a deed upon the grounds of undue influence, fraud and non-delivery; also to quiet title to an undivided two-thirds interest in the property described in the deed. In her answer defendant denied specifically the allegations of the complaint, including those relating to plaintiffs' claim of ownership in the property, and in this behalf alleged affirmatively that she was the owner in fee of the whole of said real property. The prayer of the answer was that plaintiffs take nothing by their action; that by its decree the court declare defendant to be the owner of said property and that plaintiffs were without right, title, interest or estate therein, and for general relief.

The action was filed in Contra Costa County wherein the property was situate; and the trial was set for 10 o'clock in the forenoon of October 23, 1930, some ten months after the cause was at issue. At the time set defendant, who was a resident of Eureka, was present in court with counsel and some fourteen witnesses ready to proceed with the trial, five of whom were from Eureka and four from Alameda County; but a few minutes before 10 o'clock plaintiffs filed with the clerk a request for the dismissal of the action, and thereupon filed a new action against the defendant identical in form with the one sought to be dismissed. The clerk entered the dismissal accordingly, and a few minutes later, when the action was called for trial, the matter of said dismissal was brought to the attention of the court and defendant's counsel; whereupon defendant moved to set aside said dismissal upon the ground that by her answer she sought and was entitled to affirmative relief; and that consequently, under the proviso embodied in subdivision one of section 581 of the Code of Civil Procedure, plaintiffs were precluded from dismissing the action. The motion was granted and on

stipulation the trial was continued until the following day, at which time the action was tried and submitted on evidence introduced by defendant, and judgment rendered in her favor, granting the affirmative relief prayed, from which judgment plaintiffs have taken this appeal.

The record further shows that plaintiffs and defendant are brothers and sister; and that the property was deeded to defendant on January 15, 1929, by their father, William J. Hough, who had resided with defendant at her home in Eureka for a number of years preceding his death, which occurred January 29, 1929; that the property involved formerly belonged to Jane E. Bennett, a sister to William J. Hough, who predeceased him less than three weeks, leaving him as sole surviving heir; and that the final distribution of her estate was awaiting the termination of the litigation over this deed. It further appears that Rollo Jerome Hough, one of the plaintiffs, is an attorney at law, and that on the day following the filing of the request for dismissal plaintiffs' attorneys withdrew from the case and that said Rollo Jerome Hough was substituted in their place and stead.

The sole contention made by plaintiffs is that the affirmative allegations of the answer were legally insufficient to warrant the granting of any affirmative relief and that therefore plaintiffs were entitled, under the authority of subdivision 1 of said section 581, to dismiss the action. It is well settled, however, that in actions to quiet title affirmative relief may be granted to a defendant where, as here, by his answer, he denies the plaintiff's alleged ownership, and alleges ownership in himself and prays for a judgment establishing and quieting title in him; and that where such is the state of the answer the case is brought within the proviso of subdivision 1 of said code section and thus prevents a dismissal of the action by the plaintiff. (*Islais etc. Water Co.* v. *Allen,* 132 Cal. 432 [64 Pac. 713]; *Brooks* v. *White,* 22 Cal. App. 719 [136 Pac. 500]; *Larkin* v. *Superior Court,* 171 Cal. 719 [154 Pac. 841, Ann. Cas. 1917D, 670]; *Dellaringa* v. *Hooker,* 31 Cal. App. 667 [161 Pac. 276]; *Bay Land & Terminal Co.* v. *Superior Court,* 119 Cal. App. 756 [6 Pac. (2d) 527]; 22 Cal. Jur. 160.) Nor was it necessary, as plaintiffs contend, in order to obtain affirmative relief, for defendant to set forth facts showing the source of her title or evidence to prove her ownership. In view

of the admitted fact that she was the record owner in fee of the property, general allegations of ownership were sufficient. (22 Cal. Jur. 149, 150.) In this connection it may be stated that defendant's allegations of ownership were substantially in the same form as those employed by plaintiffs in alleging their ownership.

Therefore, since the purported dismissal of the action was a nullity, and the cause was regularly set for trial, the defendant was entitled to proceed with her case and take judgment (9 Cal. Jur. 511); and inasmuch as plaintiffs at no time, by amendment or otherwise, sought to withdraw, abandon or eliminate from the complaint any one of the first three causes of action set forth therein, the trial court was called upon to hear and determine all issues of fact raised by the pleadings, and to make findings and render judgment accordingly. After having reviewed the entire record and given due consideration to all of the points urged by plaintiffs, it is our opinion that the appeal is wholly without merit and from the circumstances above set forth it would appear that the same was taken solely for the purpose of delay.

The judgment is affirmed.

Cashin, J., and Tyler, P. J., concurred.