[Civ. No. 17598.  First Dist., Div. Two.  Nov. 4, 1957.]

MAY PALMER FURNIVALL, Appellant, v. NANCYE C. GROVES et al., Respondents.

McDougall & Fairfax, Aubrey B. Fairfax and Frank B. Cliff for Appellant.

Atkinson, Farasyn & London for Respondents.

DOOLING, J.—Appellant filed a complaint to quiet her title to described real property. Respondent on August 18, 1953, filed an answer in three counts: Count 1 denied the material allegations of the complaint and Count 2 pleaded the judgment in a prior action as res judicata. The third count was headed in the pleading: "Further answering said complaint and by way of cross-complaint against the said plaintiff, defendant Nancy C. Groves alleges:"

The allegations following this heading affirmatively pleaded that defendant is the owner of the same property described in the complaint and prayed that defendant's title be quieted thereto.

No answer was filed to this pleading by plaintiff and on September 10, 1953, on the ex parte application of defendant, the trial court ordered the default of plaintiff entered for failure to answer defendant's cross-complaint and after taking evidence thereon, entered judgment on defendant's cross-complaint quieting defendant's title to the described property.

On June 15, 1956, plaintiff noticed a motion to set aside the default and default judgment to be heard on July 6, 1956, on the grounds, among others, that the default was entered without authority of law and that the default judgment is void. An affidavit filed in support of this motion explained the delay beyond the six-month period fixed in Code of Civil Procedure, section 473, by the statement that the fact of the entry of the default and default judgment was not discovered until "more than six (6) months had elapsed from the date of said default to the date affiant discovered same."

The court denied the motion to set aside the default and judgment and plaintiff appeals from that order.

Since the motion was not made within six months it may not be considered as one authorized by any part of Code of Civil Procedure, section 473, except the last paragraph thereof. ■ However if the judgment is void on the face of the record, as appellant claims, it may properly be attacked on that ground at any time. (29 Cal.Jur.2d, Judgments, § 187, pp. 143-144.)

Appellant points out that on the face of the record the issues tendered by the complaint have never been adjudicated. The judgment in terms only adjudicates the issues tendered by the cross-complaint and, since there can only be one final judgment in which all issues are adjudicated between the parties, the judgment here attacked appears to be a partial or piecemeal judgment, and not a final one. (*Nicholson* v. *Henderson*, 25 Cal.2d 375 [153 P.2d 945].) Respondent counters that the adjudication of title in her disposes completely of the claim of title in appellant asserted in the complaint. The situation is rather anomalous, but we do not find it necessary to resolve the anomaly.

■ Quiet title actions are somewhat peculiar in that a defendant, claiming title in himself to the property described in the complaint, may plead his own title in the answer and without filing a counterclaim or cross-complaint ask for affirmative relief quieting his own title against the plaintiff. (*District Bond Co.* v. *Pollack,* 19 Cal.2d 304, 307 [121 P.2d

7]; *Islais etc. Water Co.* v. *Allen*, 132 Cal. 432 [64 P. 713]; *Hough* v. *Wright*, 127 Cal.App. 689 [16 P.2d 301].) As the court stated the rule in the Hough case (127 Cal.App. p. 691):
"It is well settled, however, that in actions to quiet title affirmative relief may be granted to a defendant where, as here, by his answer, he . . . alleges ownership in himself and prays for a judgment establishing and quieting title in him. . . ."

In view of this rule the pleading of the same title and prayer for affirmative relief by counterclaim or cross-complaint which may be pleaded and prayed for in the answer itself would seem to be superfluous and unnecessary. Nonetheless the courts, while recognizing this, have held that the same relief may be asked by way of counterclaim (*Brooks* v. *White*, 22 Cal.App. 719, 721 [136 P. 500]) or cross-complaint (*Larkin* v. *Superior Court*, 171 Cal. 719, 725-726 [154 P. 841, Ann. Cas. 1917D 670]; *Sormano* v. *Wood*, 179 Cal. 102, 104 [175 P. 451]).

However when it comes to determining the effect of a cross-complaint which sets out the same matters which might as readily be pleaded affirmatively in the answer there are cases which in the interest of justice have treated such cross-complaints as answers pleading affirmative matter. (*Phillips* v. *Hagart*, 113 Cal. 552, 554 [45 P. 843, 54 Am.St.Rep. 369]; *Pauly* v. *Rogers*, 121 Cal. 294, 297 [53 P. 808]; *Booth* v. *Stow*, 38 Cal.App. 191, 192 [175 P. 705].)

More in point on the question here presented are the cases of *Crofton* v. *Young*, 48 Cal.App.2d 452 [119 P.2d 1003], and *Brooks* v. *White, supra*, 22 Cal.App. 719. The rationale of these two cases is clearly disclosed by the following quotation from *Crofton* v. *Young, supra*, 48 Cal.App.2d pages 458-459: "Where a cross-complaint is unnecessary in view of the allegations of the answer the clerk has no authority to enter a default. (*Brooks* v. *White*, 22 Cal.App. 719 [136 P. 500].) It was pointed out in that case that in quiet title actions a cross-complaint is usually unnecessary since full relief may be granted the defendant pursuant to his answer. While certain exceptions were noted, it was held that where the issues are fully presented by the complaint and answer further pleading on the part of a plaintiff is not required, and the omission to answer an unnecessary pleading will confer no authority on the clerk to enter a plaintiff's default.

"In the instant case, a single pleading was filed which was denominated 'Answer and Cross-Complaint.' In the first

part of the instrument, under the heading 'Answer,' it is alleged that the judgment obtained from the bank is a first lien upon the property, that the judgment has been assigned to Neal, that the judgment-debtor, Thomas N. Crofton, is the owner of the real property, and that the plaintiff and respondent is not and never has been the owner thereof. Following that, under the heading 'Cross-Complaint,' the same facts are alleged more in detail, and it is specifically alleged that the property was transferred by the judgment-debtor to the plaintiff and respondent without consideration and for the purpose of defrauding the judgment-creditor. The allegations of the answer are then adopted by reference as a part of the cross-complaint. There is but one prayer in which 'this answering defendant' prays that the plaintiff take nothing and that 'the defendant' Neal be adjudged to have a first lien upon the property. The answer alleges the ultimate facts while the portion called a cross-complaint goes more into detail in alleging probative facts, and the prayer asks for nothing which could not be given under the answer if it stood alone. Under these circumstances the cross-complaint was unnecessary and the setting aside of the respondent's default for not answering the cross-complaint was proper since its entry by the clerk was unauthorized.''

Respondent attempts to distinguish these two cases by asserting that here the affirmative matter was pleaded only by way of cross-complaint and was not, as in those cases, pleaded once in the answer and a second time in the cross-complaint. The argument savors of hair-splitting, but conceding its force, the heading of the third subdivision of respondent's pleading, quoted in full above, demonstrates that he pleaded the same matter both as an answer (quoting again: ''Further answering said complaint . . .'') and ''by way of cross-complaint.''

Under the authority of *Crofton* v. *Young, supra,* 48 Cal. App.2d 452, and *Brooks* v. *White, supra,* 22 Cal.App. 719, if respondent had set out the same allegations twice in his pleading, once as an answer and repeated a second time as a cross-complaint, the plaintiff could not be held in default for failing to plead thereto. Here respondent pleaded the same matter once as both answer and cross-complaint. In its function as answer the allegations were deemed denied without further pleading. (Code Civ. Proc., § 462.) It would be a ridiculous refinement to hold that what is deemed denied in its function as answer would be admitted by failure to answer

it in its function as cross-complaint. We deem this case controlled by the reasoning of the courts in the Crofton and Brooks cases.

The order is reversed with directions to the trial court to set aside the default and default judgment.

Draper, J., concurred.

KAUFMAN, P. J.—I dissent.

This is an appeal from an order denying appellant's motion under Code of Civil Procedure, section 473, to set aside a default judgment.

Appellant commenced this action to quiet title on May 11, 1953. On August 18, 1953, respondent answered, denying the allegations of the complaint and as a defense alleged that a certain action was res judicata of appellant's rights. In addition, respondent filed a cross-complaint, alleging that the respondent was the owner of the property and praying that respondent's title be quieted. The answer and cross-complaint were served on appellant's attorney on August 17, 1953. On September 10, 1953, 24 days after the service of the answer and cross-complaint on appellant's attorney, after hearing respondent's proof, the trial court entered the default of the appellant for failure to answer the cross-complaint, and granted respondent a decree quieting title. Appellant's motion to set aside the default was not filed until June 15, 1956. This motion was denied on July 23, 1956.

Appellant asserts that there was an abuse of discretion in denying the motion because she had no notice of the answer and cross-complaint and was not required to answer thereto, and that the judgment was therefore void.

The applicable portion of Code of Civil Procedure, section 473, is: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken.

". . . The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or

orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order.''

The granting or denying of a motion to vacate a default rests in the sound discretion of the trial court. (*Baratti* v. *Baratti*, 109 Cal.App.2d 917 [242 P.2d 22]; *Shearman* v. *Jorgensen*, 106 Cal. 483 [39 P. 863].) Although appellate courts are reluctant to disturb the order of the trial court, denials of relief must be more carefully scrutinized than orders granting relief. (*Brill* v. *Fox*, 211 Cal. 739 [297 P. 25].) The burden of showing that there are grounds for setting the default aside is on the moving party.

Appellant's brief and the augmented record indicate that the answer and cross-complaint were served on appellant's counsel by mail, a form of service which is proper and authorized by Code of Civil Procedure, section 465, and gave appellant notice thereof under Code of Civil Procedure, sections 442, 1012, 1013. The record also contains letters exchanged between appellant's and respondent's counsel which clearly indicate that appellant had notice of respondent's intention to bring the matter to trial, thus vitiating appellant's contention that the default should be set aside on grounds of fraud.

Appellant's motion here was made more than two years after the entry of the default, after the expiration of the six-month period allowed in the statute set forth above. Such a motion is governed by the rules applicable to collateral attack and, in the absence of extrinsic fraud or mistake, the judgment cannot be set aside unless it is void on its face. (*Borenstein* v. *Borenstein*, 20 Cal.2d 379 [125 P.2d 465]; *City of Salinas* v. *Luke Kow Lee*, 217 Cal. 252 [18 P.2d 335].) Appellant relies chiefly on *Brooks* v. *White*, 22 Cal.App. 719 [136 P. 500]. In that case, however, the answer denied plaintiff's ownership of the property and affirmatively alleged that the defendant was the owner of the property in question, and the cross-complaint alleged that the defendant owned the property and requested that her title be quieted. In this case, the answer consisted of a denial of the allegations of the complaint and the pleas of res judicata. The issue of respondent's title was raised only by the cross-complaint, and is therefore not a repetitious and unnecessary pleading. In an action to quiet title where the defendant does not set up ownership and title, by answer and counterclaim, a cross-complaint is proper. (*Myers* v. *Superior Court*, 75 Cal.App.

2d 925 [172 P.2d 84] ; *Crofton* v. *Young,* 48 Cal.App.2d 452 [119 P.2d 1003].) The negligence or carelessness of a party or his attorney is not ground for collateral attack on a final judgment. (*Greenwood* v. *Greenwood,* 112 Cal.App. 691 [297 P. 589].)

I am here in agreement with the following statement from the memorandum opinion of the trial court: "It is well established that a cross-complaint commences an independent cross-action and must be answered (or demurred to) just as a complaint. Hence, although the default statutes refer only to a complaint, they are applied to the failure to answer or demur to a cross-complaint. (Witkin, California Procedure, vol. 2, p. 1694; *Ross* v. *San Diego Glazed C.P. Co.,* 50 Cal. App. 170 [194 P. 1059].) " Appellant's motion was properly denied.

Appellant contends that there is not a final judgment in this action. The appeal here is from the order denying motion to set the judgment aside, *not* from the judgment.

The judgment disposes of every issue in the case, including any and all rights appellant may have had in the property. That sufficiently satisfies the rule that there may be only one final judgment in an action.

"Under California procedure there is ordinarily one final judgment in an action. A cross-complaint is not considered sufficiently independent to allow a separate final judgment to be entered upon it unless the judgment or order on the cross-complaint may be considered final as to some of the parties." (*Sjoberg* v. *Hastorf,* 33 Cal.2d 116 [199 P.2d 668].)

In this case the judgment finally settles the rights of all the parties in the action to the property involved. It is, therefore, a final judgment.

In view of the foregoing the order of the trial court finds ample support in the record.

I would affirm the order.

A petition for a rehearing was denied December 4, 1957. Kaufman, P. J., was of the opinion that the petition should be granted. Respondents' petition for a hearing by the Supreme Court was denied December 30, 1957.