[No. C019017. Third Dist. June 27, 1995.]

LISLE STEVEN SAUM, Plaintiff, Cross-defendant and Appellant, v. LEROY A. REPPERT et al., Defendants, Cross-complainants and Respondents.

**[Opinion certified for partial publication.†]**

†See footnote 1, *post*, page 1768.

**COUNSEL**

Lisle Steven Saum, in pro. per., for Plaintiff, Cross-defendant and Appellant.

Brigit S. Barnes and W. Steven Shumway for Defendants, Cross-complainants and Respondents.

## Opinion

**BLEASE, Acting P. J.**—This is an appeal from an order denying a motion to set aside a default judgment in an action for declaratory and injunctive relief regarding Lisle Steven Saum's claimed right-of-way easements over property owned by Leroy and Sally Reppert.

The Repperts answered the Saum complaint and filed a cross-complaint. Saum failed to answer the cross-complaint and his default was entered. He contends the trial court erred in denying his motion to set aside the default judgment. He argues that the judgment is based on a default that is void because it was taken to a cross-complaint that replicates allegations of the answer to Saum's complaint which he is deemed to have denied.

In the published part of the opinion[1] we conclude that Saum's argument is based upon outmoded case law which was addressed to matter in the nature of a counterclaim, a pleading which since has been abolished. However, in the unpublished portion of the opinion we conclude that the judgment is invalid insofar as it awards damages that were not specified in the cross-complaint and we will modify the judgment to delete the damages and affirm the order denying the motion to set aside the judgment.

### Facts and Procedural Background

In July 1991 Saum filed a complaint alleging that he is entitled to several right-of-way easements across the Repperts' property. He sought damages and declaratory and injunctive relief.

In March 1993, the Repperts answered the complaint and filed a cross-complaint. The cross-complaint alleges in one count, entitled quiet title, that the Repperts are the owners of their property, that Saum and others claim rights-of-way across the property, and that there are no such rights. In another count it alleges that Saum harassed and annoyed the Repperts and, on several occasions, attempted to travel on portions of their land not designated for that purpose, constituting trespass. The prayer asks for (unspecified) damages, and declaratory and injunctive relief, including an injunction to prohibit repetition of the trespass. The Repperts' answer to the complaint asserts, as one affirmative defense, the allegations of their cross-complaint.

On May 19, 1993, the Repperts filed a request for entry of default as to the cross-complaint. The default was entered that day. The next day Saum,

---

[1] The Reporter of Decisions is directed to publish the opinion except for parts II through IV of the Discussion.

acting as his own attorney, filed a motion for leave to stay his time to answer. On May 24, 1993, the matter was heard and the trial court told Saum that his default had been entered and that he could not litigate the matter until he acted to set aside the default. A default judgment was entered on the cross-complaint in favor of the Repperts on February 16, 1994. The judgment declares that the Repperts own their property and that Saum has no right to travel on their property. The judgment enjoins Saum from traveling on the Repperts' property or filing any complaint against them with law enforcement authorities for trespass or other use of their property and awards the Repperts $5,000 in damages. Notice of entry of judgment was filed on February 28, 1994.

On March 30, 1994, Saum, represented by counsel, filed a motion to set aside the default judgment. In his moving papers he made three arguments: (1) the judgment is invalid because it turns Saum's property into a land-locked parcel; (2) the judgment had been obtained as a result of excusable neglect and should be set aside under Code of Civil Procedure section 473; (3) and, because the issues raised in the Repperts' cross-complaint are no different than the issues raised in Saum's complaint, "this Court, as a matter of equity, may treat [Saum's complaint] as a sufficient responsive pleading to the Cross-Complaint . . . ."

The Repperts opposed the motion. They argued as follows. The judgment would not be invalid even if Saum's parcel was landlocked; however, they did not desire that inequitable result and were amenable to a modification of the judgment granting Saum access on one road across their land to a gate on Saum's parcel. There was no adequate showing of excusable neglect warranting relief under Code of Civil Procedure section 473. The cross-complaint did not mirror the complaint because it sought affirmative relief against Saum as well as other persons and, in any event, setting aside the judgment would not impugn the underlying default.

When the matter was heard the trial court expressed the view that as six months had elapsed since the default was entered it was impervious to attack under Code of Civil Procedure section 473, and setting aside the judgment would be futile. It therefore denied the motion to set aside the judgment and directed that it be amended to acknowledge that Saum had the single right of way for access conceded by the Repperts. Saum appeals from the order denying the motion to set aside the judgment.

DISCUSSION

I

■ Saum contends that the entry of default and the default judgment are void.[2] He relies on a line of case law in which pleadings mislabeled as cross-complaints were reclassified as counterclaims properly contained in the answer to a complaint, as to which no default can be taken. (See, e.g., 5 Witkin, Cal. Procedure, *supra*, Pleading, § 1085, p. 505 and cases cited therein.)

The reclassification occurred under an earlier procedural regime which permitted the pleading of a counterclaim against the plaintiff in the answer, so long as the relief sought by the counterclaim would diminish or defeat the relief sought by the complaint. (Former Code Civ. Proc., §§ 437, 438; Stats. 1927, ch. 317, § 1, pp. 529-530; Stats. 1927, ch. 813, § 1, p. 1620; see, e.g., 5 Witkin, Cal. Procedure, *supra*, Pleading, § 1077, p. 492.) The procedural law of this era also permitted the separate pleading of a cross-complaint seeking affirmative relief, against the plaintiff or codefendants. (Former Code Civ. Proc., § 442, Stats. 1923, ch. 376, § 1, pp. 756-757; see, e.g., 5 Witkin, Cal. Procedure, *supra*, Pleading, § 1078, p. 496.)

The overlapping coverage of these provisions created serious procedural problems concerning compulsory counterclaims and produced ambiguity regarding the necessity of a responsive pleading. It gave rise to the doctrine of reclassification, which undergirds the cases to which Saum points. (See 5 Witkin, Cal. Procedure, *supra*, Pleading, §§ 1076, 1079, pp. 491, 498.) The court could disregard the label appended to the defendant's pleading and reclassify the pleading under its appropriate heading or, if multiple classifications were applicable, follow the one which allowed the most desirable result in the case at bar. (See *id.*, § 1079, subd. (1), p. 498.)

Another ingredient stirred into this doctrinal mix was the reciprocal nature of the simple and classic action for quiet title by which two contestants claim title to the same property. In such an action an adjudication against the plaintiff effectively acted as an adjudication in favor of the defendant. For this reason it was held that in such a case there was no necessity for a cross-complaint. (*Wilson* v. *Madison* (1880) 55 Cal. 5, 8: "Issue was joined on title by the complaint of plaintiff, and defendant's answer thereto, and if judgment passed for defendant, it would be an estoppel as to the title, which, under the rulings of the Supreme Court of California, would protect the defendant as well as a decree in his favor.")

---

[2]This claim was never presented to the trial court and ordinarily we would decline to address it on that ground. (See, e.g., 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 311, p. 321.) However, since the Repperts join issue with Saum, the claim is one of a noncurable defect of substance raising an issue of law, and the claim could be and is likely to be tendered again in the trial court, we will exercise our discretion to resolve it at this time. (See *id.*, § 315, p. 326.)

Moreover, under the procedure permitting the pleading of counterclaims by way of the answer, a defendant in a quiet title action was often able to seek affirmative relief from the plaintiff through the answer without the necessity of a cross-complaint. (See, e.g., *Islais etc. Water Co.* v. *Allen* (1901) 132 Cal. 432, 437-438 [64 P. 713].) Where the affirmative relief sought was beyond the reach of a counterclaim, a cross-complaint was viewed as the proper pleading. (See, e.g., *Winter* v. *McMillan* (1890) 87 Cal. 256, 264 [25 P. 407].)

Where the particular affirmative relief sought in a quiet title action under a proffered cross-complaint could be afforded under the allegations of the answer treated as a counterclaim, the cross-complaint was unnecessary. (*Brooks* v. *White* (1913) 22 Cal.App. 719, 721 [136 P. 500].) In effect, the court reclassified the purported cross-complaint as a redundant answer which required no responsive pleading from the plaintiff. (See *ibid.*; also cf., e.g., *Johnston* v. *Wheeler* (1931) 118 Cal.App. 439, 441-442 [5 P.2d 431]; *Jay* v. *Dollarhide* (1970) 3 Cal.App.3d 1001, 1030 [84 Cal.Rptr. 538].) In such a circumstance the clerk lacked authority to enter a default on the superfluous cross-complaint. (*Brooks, supra,* at pp. 720-722.)

Saum principally relies on *Furnivall* v. *Groves* (1957) 154 Cal.App.2d 846 [317 P.2d 117], which derives from this line of authority. The majority opinion follows *Brooks* and reverses a trial court order which refused to set aside a default judgment, similar to that in *Brooks,* as void on the face of the record.

Saum seeks to apply the case law resting on the reclassification doctrine to this case. The effort must fail. A procedure essential to the doctrine, the counterclaim, was abolished in 1971, shortly following *Jay* v. *Dollarhide.*[3] "The counterclaim is abolished. Any cause of action that formerly was asserted by a counterclaim shall be asserted by a cross-complaint. Where any statute refers to asserting a cause of action as a counterclaim, such cause shall be asserted as a cross-complaint. The erroneous designation of a

---

[3]Saum submits that the counterclaim procedure survives in quiet title actions because Code of Civil Procedure section 761.030 provides, in pertinent part, that: "The answer [in a quiet title action] shall be verified and shall set forth: [¶] (1) Any claim the defendant has." Saum notes that the general procedural statutes do not apply to a quiet title action where they are inconsistent with the quiet title statutes. (See Code Civ. Proc., § 760.060.) We agree that reclassification might still be applied to the limited circumstance of a quiet title action between two contestants claiming ownership where the purported cross-complaint seeks no affirmative relief beyond that entailed in defeat of the claim in the complaint. (See Code Civ. Proc., §§ 760.010, subd. (a), 761.020.)

However, that is not the situation presented in this case. Here both sides agree that the Repperts are the owners of the disputed property and the cross-complaint seeks affirmative relief beyond the declaration of title, e.g., an injunction to prohibit repeated trespass. Even under the procedural statutes peculiar to a quiet title action, the procedural device for seeking affirmative relief is a cross-complaint. (Code Civ. Proc. § 761.040, subd. (a).)

pleading as a counterclaim shall not affect its validity, but such pleading shall be deemed to be a cross-complaint." (Code Civ. Proc., § 428.80.)

Except as noted (fn. 3, *ante*), with the demise of the counterclaim, the necessity of answering a cross-complaint can no longer be avoided on the theory that it should be reclassified as a counterclaim (answer). For the same reason there is no support for the rule that the clerk has no authority to enter a default to a cross-complaint when it is a mislabeled counterclaim, e.g., when it consists of matter that is redundant of the answer. Thus, if a claim for affirmative relief is replicated both in a document labeled an answer and in a document labeled a cross-complaint, the "cross-complaint" survives as the operative pleading.

This leaves Saum with the argument that, regardless of the demise of the reclassification doctrine, the clerk was without authority to enter his default because the allegations of the cross-complaint were repeated in the answer and are therefore deemed denied. He relies upon language in *Furnivall*, *supra*. As related, the default at issue in *Furnivall* was similar to that in *Brooks*, but not precisely the same. The respondent sought to distinguish *Brooks*, *supra*, and *Crofton* v. *Young* (1941) 48 Cal.App.2d 452 [119 P.2d 1003], a case following *Brooks,* on the theory that in those cases the same matter had been pleaded twice, in both an answer and a purported cross-complaint, while in *Furnivall* the allegations only appeared one time, albeit they were described as serving the purposes of both an answer and a cross-complaint. The majority in *Furnivall* rejects the proffered distinction on the ground that the respondent explicitly identified the allegations as both an answer and a cross-complaint. (154 Cal.App.2d at p. 849.) The opinion then concludes: "It would be a ridiculous refinement to hold that what is deemed denied in its function as answer would be admitted by failure to answer it in its function as a cross-complaint. We deem this case controlled by the reasoning of the courts in the Crofton and Brooks cases." (*Id.* at pp. 849-850.)

As explained, the doctrine which undergirds *Brooks* and *Crofton,* the reclassification doctrine, is wholly dependent upon the availability of a counterclaim. To the extent that the concluding rhetorical flourish in *Furnivall* supports the notion that the denial of allegations in the answer excuses the necessity of filing a responsive pleading to a cross-complaint, we disagree. We see no justification for this in our present system of pleading. If that were the rule, the clerk would be taxed with the oftimes sophisticated legal question whether the plaintiff is relieved of the necessity of responding to a cross-complaint because *any* of its material allegations arguably was in issue under the complaint and answer.

*Furnivall* is not authority for this point; it derives from *Crofton* and *Brooks,* that: " 'Where a cross-complaint is unnecessary in view of the allegations of the answer the clerk has no authority to enter a default.' "

(*Furnivall* v. *Groves*, *supra*, 154 Cal.App.2d at p. 848.) With the extinction of the counterclaim a cross-complaint is necessary to obtain affirmative relief.

Accordingly, under our present procedure there is no jurisdictional error on the face of the record in entering Saum's default since the cross-complaint cannot be reclassified as a redundant answer. The judgment predicated on the default is not infirm on that ground.

Nor does Saum have a tenable claim that he failed to answer the cross-complaint because he believed that it was sufficient that he was deemed to have denied the allegations of the Repperts' answer. He made no timely application for relief from the default within the six months provided by Code of Civil Procedure section 473, on this or any other ground, despite an express warning from the court shortly after the default was taken. If he had made such a claim, he would have presented a highly sympathetic claim for relief from the default, warranting and perhaps compelling the relief.

## II-IV*

. . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The only claim on appeal warranting relief is that the portion of the judgment awarding damages is void.

The amended judgment is modified to strike the provision awarding damages to the Repperts; as modified the order amending the judgment and denying the motion to set aside the judgment is affirmed.

In light of the lack of merit of most of Saum's claims and his failure to raise any of the points asserted on appeal in the trial court, the Repperts shall recover their costs of this appeal.

Morrison, J., and Brown, J., concurred.

A petition for a rehearing was denied July 25, 1995, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied October 4, 1995.

---

*See footnote 1, *ante*, page 1768.